

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELLEY M. FERRO, | CIVIL ACTION NO. **05-4297** |
| Plaintiff, | SECTION |
| VERSUS | JUDGE |
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, VALIC, AIG VALIC | MAGISTRATE **SECT. T MAG. 1** |
| | MAGISTRATE |
| Defendants. | |

## NOTICE OF REMOVAL

Now comes Defendant The Variable Annuity Life Insurance Company, also referred to by Plaintiff as VALIC and/or AIG VALIC, ("VALIC") who hereby removes this matter currently pending in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendants state as follows:

1.

This civil action, entitled <u>Shelley M. Ferro v. The Variable Annuity Life Insurance Company, VALIC, AIG VALIC</u> was filed on August 25, 2005 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing Civil Action No. 624-068 on the docket of that court. The suit was served on Defendant on August 29, 2005.

Atlanta 965815.1

2.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant.

3.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders filed in the District Court are attached in globo hereto as Exhibit "A", and constitute all process, pleadings, and orders received by Defendants.

4.

Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

5.

Diversity of citizenship exists because plaintiff is an individual who is a citizen of the State of Louisiana, residing in Jefferson Parish, and VALIC is a corporation formed and existing under the laws of another state. VALIC was formed and exists under the laws of the State of Texas, with its principal place of business in Houston, Texas. Title 28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States."

6.

Plaintiff's suit seeks $114,756.00 in special damages and in addition, seeks general damages. As such, the amount in controversy exceeds $75,000. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

7.

This Notice of Removal has been served upon plaintiff's counsel and a copy of the Notice of Removal will be filed with the Clerk of Court 24th Judicial District, Parish of Jefferson, State of Louisiana when it reopens for business.

8.

Accordingly, this action is properly removed from the 24th Judicial District Court for the Parish of Jefferson where it is now pending, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(b).

9.

This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

EDWARD F. HAROLD
La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
Temporary Address and Phone
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, GA 30326
(404) 231-1400
(404) 240-4249
Email:           eharold@laborlawyers.com

**COUNSEL FOR DEFENDANT,
THE VARIABLE ANNUITY LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Notice of Removal via U.S. Mail properly addressed and postage prepaid on

Kathleen C. Cresson<br>
221 North Clark St.<br>
New Orleans, LA 70119

this 26th day of September 2005.

_____
EDWARD F. HAROLD

(101) Citation: ISS SUIT FOR WAGES AND RELATED DAMAGES;   050825-7698-3

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

SHELLEY M FERRO
   versus
VARIABLE ANNUITY LIFE INSURANCE COMPANY,
VALIC, AIG VALIC

Case: 624-068   Div: "B"
P 1 SHELLEY M. FERRO

To: VARIABLE ANNUITY LIFE INSURANCE COMPANY
THRU LA LONG ARM SERVICE

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the SUIT FOR WAGES AND RELATED DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within 30 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney KATHLEEN C. CRESSON and was issued by the Clerk Of Court on the 25th day of August, 2005.

          Julie A. Sabio, Deputy Clerk of Court for
          Jon A. Gegenheimer, Clerk Of Court

---

(101) Citation: ISS SUIT FOR WAGES AND RELATED DAMAGES;   050825-7698-3

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of
_____ served the above named party as follows:

PERSONAL SERVICE on the party herein named: _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: Parish of _____ this ____ day of _____

SERVICE: $ _____   BY: _____
MILEAGE: $ _____   Deputy Sheriff
TOTAL: $ _____

TWENTY FOURTH JUDICIAL COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-068        DIVISION " E "        SECTION

SHELLEY M. FERRO
VS.
THE VARIABLE ANNUITY LIFE INSURANCE COMPANY (VALIC)
aka AIG VALIC

_____        _____
JUDGE                                                                DEPUTY CLERK
FREDERICKA HOMBERG WICKER

## SUIT FOR WAGES AND RELATED DAMAGES

NOW INTO COURT through undersigned counsel comes plaintiff, SHELLEY M. FERRO, and respectfully represents:

I.

SHELLEY M. FERRO (hereinafter sometimes referred to as "FERRO") is a single woman of the full age of majority, domiciled in Jefferson Parish, with a residence in Metairie, Louisiana. At all relevant times, she was employed by VALIC in Metairie, Louisiana at its Metairie office, as well as having a VALIC sanctioned home office in Metairie.

II.

The Variable Annuity Life Insurance Company (VALIC) aka AIG VALIC, hereinafter sometimes referred to as "VALIC", at all relevant times has a local office in Metairie, Louisiana, with its district office in Baton Rouge, Louisiana and its main office in Houston, Texas. VALIC is a foreign corporation, domiciled in Texas, and doing business in this Parish and State.

III.

Fred St. Clair is a person of the full age of majority and a district manager and employee of VALIC. He has a office in Metairie, Louisiana, with a district office in Baton Rouge. He hired Ferro for the financial planning job at VALIC. VALIC aka AIG VALIC is vicariously liable for the fraud, negligence, misrepresentations, breach of contract, and actions of its employees.

IV.

Shelley M. Ferro has a claim against VALIC, aka AIG VALIC, for salary, commissions and related compensation not paid to her, as mandated under her employment agreement with VALIC, as well as a claim for general damages.

V.

In the fall of 2003, Ferro was employed at Smith Barney. She was employed with them since 2001, making an average of $ 80,000 yearly. While there, she was recruited by several financial firms. One of these firms was AIG VALIC. After an interview with Fred St. Clair, St. Clair offered Ferro a job at VALIC. Ferro declined the job offer because it did not include a minimum of an approximate $2,000 base salary, on which she insisted.

VI.

In the Spring of 2004, Ferro was again solicited by Fred St. Clair, who told her that he could now meet her base salary requirements. Along with other items that were negotiated, Ferro accepted a position as a financial planning advisor, left Smith Barney and started her employment at VALIC on May 31, 2004.

St. Clair hired her on the following terms:

1. **Base salary** of $2,000/month, plus

2. **Asset Based Compensation (ABC)** of $500/month, plus

3. **Commission Orders processed** at a 70% commission, plus

4. **Mutual Fund Trails**, which were 70% of Mutual fund commissions to be paid Ferro, plus

5. $3,000 transition allowance per month, for 4 months = $12,000 plus

6. **Compensation for Financial Plans** at approximately $750/plan, plus

7. **Reimbursement of company-sanctioned expenses**, plus

8. **Assets Under Management Fee**
   1 1/2 % percent of assets under management

VII.

Shelley Ferro was an employee of VALIC as a financial planning advisor (FPA) based in Metairie, Louisiana, from 5/31/04 to 4/11/05. All paperwork was signed in Metairie by Ms. Ferro. She is also a CFP - Certified Financial Planner, a requirement for her

job description with VALIC.

### VIII.

Ferro hereby sues for the sum of $ 114,756.00, plus general damages. This represents $ 36,456.00 for compensation that she was supposed to be paid, but was not paid, and is still due and owing. It is in addition to what she was in fact paid. The balance of $ 78,300.00 is for damages for misrepresentations and Valic's incompetency that caused her to lose actual clients and income. She also sues for general damages for additional loss profits, loss of her financial planning business, and mental and emotional anguish.

### IX.

The breakdown is as follows:

1. **Base salary**                $ 21,000.00

($2,000/month). This amount was promised to her by her hiring District Manager, Fred St. Clair, as a condition to her employment, and as outlined by Schedule D. Section 3.2 item #6 of VALIC's Registered Representative Agreement.

Ms. Ferro was assigned a minimum of one day per week at East Jefferson Hospital to cover Marilyn Viosca. She was required to work the full day on Wednesdays, as well as when Marilyn was sick or on vacation. One week Ms. Ferro had to work there the full week when Marilyn was ill.

Her base salary required Ms. Ferro to do administrative work to service the employees at East Jefferson as to their pension plans.

She was to get paid twice/month, i.e. $ 1,000 each pay period, from starting date, forward, as long as she was employed at VALIC.

This amount was in addition to the $12,000 ($3,000/month for 4 months) that she was promised as transition money, and was in fact paid.

2. **Asset Based Compensation (ABC)**    $ 2,217.00

$500/month that Valic promised her, less the amount actually paid per month.

3. Orders processed on 4-8-05        $   791.00

   Orders #'s 098N1417, 098N2732, 098N3455, 098N3903, 098N4055, 098N4425, 098N0434, 098R2649, 098N0224. Total commission for orders were $1130 x .70 = $791.00. This is outlined in the Registered Representative Agreement, page 9, Item 8, Paragraph 2.

4. Mutual Fund Trails                 $ 4,618.00

   Mutual fund commissions to be paid Ms. Ferro by Valic as per Valic's agreement to pay a 70% split for non-proprietary business from Valic Financial Advisors for first year commissions.

5. VALIC Annuity Fronts               $    30.00

   Illegal deductions for commissions paid to other brokers but deducted from Ms. Ferro's compensation

6. Compensation for Financial Plans

   Agreement by VALIC when she was hired and on which she accepted the position, that she could charge for financial plans as additional compensation. When in fact, accounts she was assigned (i.e. East Jefferson General Hospital and Tenet FCU had preexisting agreements with VALIC prohibiting charging fees for financial plans)                              $ 7,500.00

7. Failure to reimburse company-sanctioned expenses

   Renewal fees and licenses to maintain Ferro's CFP designation required for the FPA position that VALIC was supposed to reimburse Ferro for, but denied same. This reimbursement provision is outlined in the introductory section of the Registered Representative Agreement.              $   300.00

8. Assets Under Management Fee

   Damages to Ferro for detrimental reliance on Valic's misrepresentation of the types of accounts that VALIC could handle and process, via its Broker/Dealer, Valic Financial Advisors, Inc. (VFA), that it in fact could not, that caused loss of specific clients and their income and business to Ferro for one and one-half (1 1/2 %) percent of assets under management
                                       $ 44,450.00

9. **Damages**

Damages to Ferro for loss of specific clients due to VALIC's incompetency and lack of due diligence

$ 3,850.00

10. **Damages**

Misrepresentations by VALIC that resulted in loss of benefits to Ferro from her past employer due to false inducement of Ferro into employment with VALIC (Citigroup stock options)

$ 30,000.00

11. **Damages** for Loss of future profits, and value of Ferro's financial planning practice

Damages incurred by Ferro for the loss of her financial planning practice which saw it's revenue decline from over $100,000 per year to less than $12,000 while employed by VALIC.

12. **Damages** for mental anguish and emotional distress

**X.**

The agreement with VALIC was promised to Ferro by AIG VALIC district manager, Fred St. Clair, in addition to what is documented in VALIC's written policies of payment. VALIC the company is vicariously liable for the promises, agreements and misrepresentations of its managers. The fact that a district manager does it is particularly egregious.

**XI.**

St. Clair's actions amounted to fraud under La. Civil Code Article 1953 et seq., as well as careless disregard for his statements and promises. St. Clair was under pressure to keep the the VALIC retirement plan contract with East Jefferson General Hospital. Two previous VALIC male employees were removed from this position, at East Jefferson General Hospital's request. Also, the contract VALIC negotiated with East Jefferson General Hospital required financial planning by an individual who was qualified to do so. Fred St. Clair was under the gun to meet these requirements quickly. When he could not hire Ferro, a certified financial

planner, on his initial terms, he literally told her anything to induce her to take the job. Said fraud also allow Ferro attorney's fees under law.

### XII.

On August 7, 2005, Ms. Ferro made request for said compensation and damages by CERTIFIED MAIL/RETURN RECEIPT REQUESTED Certified # 7000 1670 0007 4021 2472, which demand letter was received by VALIC on 8/10/2005, as per a copy of the certified return receipt. AIG VALIC, via its legal department, responded to a letter, but no documentation as requested or payment has been forthcoming. Said demand letter, the return certified receipt, and response letter from AIG VALIC legal department is attached hereto as **EXHIBIT " A " en globo.**

### XIII.

More than 3 days has elapsed since said demand pursuant to **La. R.S. 23:631 and 23:632 et seq.** No payment has been received. Plaintiff is entitled to and requests attorney's fees and penalties for failure to pay said compensation timely, pursuant to law.

**WHEREFORE** plaintiff prays that defendant VALIC aka AIG VALIC be cited and served with this petition and, after due legal delays, that there be judgment in favor of Shelley M. Ferro against VALIC aka AIG VALIC for wages, compensation, damages in the sum as is determined proper and reasonable by this court, for loss of business, loss of future profits and for mental anguish and emotional distress, plus for all attorney's fees, penalties, and costs, with legal interest from judicial demand until paid, as allowed by law, plus any and all further and equitable relief as is necessary.

Respectfully submitted:

_____
Kathleen C. Cresson LSBN 4598
Attorney for Petitioner
221 North Clark Street
New Orleans, La. 70119
(504) 486-6666
Fax  483-0038

PLEASE SERVE
The Variable Annuity Life Insurance Company (VALIC) aka AIG VALIC
through the La. Secretary of State

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

PLEASE SERVE BY LA. LONG ARM with Citation:
The Variable Annuity Life Insurance Company (VALIC)
2929 Allen Parkway
Houston, Texas 77019
ATTN: BRUCE ABRAMS, President & CEO
or any employee



STATE OF LOUISIANA

PARISH OF JEFFERSON

### AFFIDAVIT

BEFORE ME, the undersigned authority, personally came and appeared:

**SHELLEY M. FERRO**

who, after being duly sworn, has declared that she is the plaintiff in the subject proceedings against VALIC aka AIG VALIC, that she has read the petition attached hereto and asserts that all of the allegations of fact contained therein are true and correct to the best of her knowledge and belief.

_____
SHELLEY M. FERRO

SWORN TO AND SUBSCRIBED before me this 23RD day of August, 2005.

_____
Kathleen Cresson
NOTARY/ LSBN 4598

c:\wp50\ferro\suit(1)kc

# CRESSON LAW FIRM
221 N. CLARK STREET
NEW ORLEANS, LOUISIANA 70119-5209
Telephone: (504) 486-6666
Fax: (504) 483-0038



August 7, 2005

The Variable Annuity Life Insurance Company (**VALIC**)
2929 Allen Parkway
Houston, Texas 77019
ATTN: Bruce Abrams, President & CEO

RE: Ferro vs. VALIC
aka AIG VALIC

Dear Mr. Abrams:

As President and CEO of your company, I would think you would want to know what it going on. I also write this letter as mandated by Louisiana wage law for attorney's fees and penalties, as well as to request certain documentation, which VALIC has refused to give Ms. Ferro thusfar.

Please be advised that I represent Shelley Ferro in her claim against VALIC, aka AIG VALIC, for salary, commissions and related compensation not paid to her, as mandated under her employment agreement with VALIC.

Shelley Ferro was a financial planning advisor (FPA) based in Metairie, Louisiana from 5/31/04 to 4/11/05. She was an employee of VALIC. VALIC has an office in Metairie. All paperwork was signed in Metairie by Ms. Ferro. She is also a CFP - Certified Financial Planner, a requirement for her job description with VALIC.

She hereby makes demand for the sum of **$ 114,756.00**. This represents **$ 36,456.00** for compensation that she was supposed to be paid, but was not paid, and is still due and owing. It is in addition to what she was in fact paid. The balance of **$ 78,300.00** is for damages for misrepresentations and Valic's incompetency that caused her to lose clients and income.

The breakdown is as follows:

1. **Base salary**                              **$ 21,000.00**
($2,000/month). This amount was promised to her by her hiring District Manager, Fred St. Clair, as a condition to her employment, and as outlined by Schedule D. Section 3.2 item #6 of VALIC's Registered Representative Agreement.

Ms. Ferro was assigned a minimum of one day per week at East Jefferson Hospital to cover Marilyn Viosca. She was required to

Kathleen Cresson  Attorney/Notary

work the full day on Wednesdays, as well as when Marilyn was sick or on vacation. One week Ms. Ferro had to work there the full week when Marilyn was ill.

Her base salary required Ms. Ferro to do administrative work to service the employees at East Jefferson as to their pension plans.

She was to get paid twice/month, i.e. $1,000 each pay period, from starting date, forward, as long as she was employed at VALIC.

This amount was in addition to the $12,000 ($3,000/month for 4 months) that she was promised as transition money, and was in fact paid.

2. **Asset Based Compensation (ABC)**    $ 2,217.00
    $500/month that Valic promised her, less the amount actually paid per month.

3. **Orders processed on 4-8-05**    $ 791.00
    Orders #'s 098N1417, 098N2732, 098N3455, 098N3903, 098N4055, 098N4425, 098N0434, 098R2649, 098N0224.  Total commission for orders were $1130 x .70 = $791.00.  This is outlined in the Registered Representative Agreement, page 9, Item 8, Paragraph 2.

4. **Mutual Fund Trails**    $ 4,618.00
    Mutual fund commissions to be paid Ms. Ferro by Valic as per Valic's agreement to pay a 70% split for non-proprietary business from Valic Financial Advisors for first year commissions.

5. **VALIC Annuity Fronts**    $ 30.00
    Illegal deductions for commissions paid to other brokers but deducted from Ms. Ferro's compensation

6. **Compensation for Financial Plans**
    Agreement by VALIC when she was hired and on which she accepted the position, that she could charge for financial plans as additional compensation. When in fact, accounts she was assigned (i.e. East Jefferson General Hospital and Tenet FCU had preexisting agreements with VALIC prohibiting charging fees for financial plans)    $ 7,500.00

7. **Failure to reimburse company-sanctioned expenses**
    Renewal fees and licenses to maintain Ferro's CFP designation

-2-

required for the FPA position that VALIC was supposed to reimburse Ferro for, but denied same. This reimbursement provision is outlined in the introductory section of the Registered Representative Agreement.
$ 300.00

8. **Assets Under Management Fee**
   Damages to Ferro for detrimental reliance on Valic's misrepresentation of the types of accounts that VALIC could handle and process, via its Broker/Dealer, Valic Financial Advisors, Inc. (VFA), that it in fact could not, that caused loss of specific clients and their income and business to Ferro for one and one-half (1 1/2 %) percent of assets under management
$ 44,450.00

9. **Damages**
   Damages to Ferro for loss of specific clients due to VALIC's incompetency and lack of due diligence
$ 3,850.00

10. **Damages**
    Misrepresentations by VALIC that resulted in loss of benefits to Ferro from her past employer due to false inducement of Ferro into employment with VALIC (Citigroup stock options)
$ 30,000.00

If the sum for wages is not paid within **three days** of your receipt of this demand, we will file suit shortly. Louisiana wage law also allows attorney's fees and penalties for failure to pay said compensation timely, pursuant to La. R.S.23:631 and 23:632 et seq.

Finally, we additionally **request any and all documents** that Shelley Ferro signed related to her employment and compensation at VALIC aka AIG VALIC. She had requested these documents on numerous occasions from VALIC, to no avail.

Also, as an additional note, the agreement with VALIC was promised by your district manager, Fred St. Clair, in addition to what is documented in VALIC's written policies of payment. VALIC the company is vicariously liable for the promises, agreements and misrepresentations of its managers. The fact that a district manager does it is particularly egregious.

Sincerely yours,

Kathleen C. Cresson

CERTIFIED MAIL/RETURN RECEIPT REQUESTED
Certified # 7000 1670 0007 4021 2472

c:\wp50\ferro\suit(1)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) C. Date of Delivery<br>C. Thoma 8-10 |
| 1. Article Addressed to:<br><br>THE VARIABLE ANNUITY<br>LIFE INS. CO. (VALIC)<br>2929 Allen Parkway<br>Houston, Texas 77019<br>ATTN: BRUCE ABRAMS,<br>    President + CEO | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>   (Transfer from service label)  7000 1670 0007 4021 2472 | |

Receipt                                             102595-02-M-1540

8-10-2005

AUG-16-2005  10:26          AIG VALIC                                713 831 5931      P.02

Alan J. Guttman
Associate General Counsel
Direct Line: (713) 831-3632
RightFAX: (713) 620-3278
E-mail: alan_guttman@aigvalic.com



The Variable Annuity
Life Insurance Company
2929 Allen Parkway, L4-01
Houston, TX 77019

August 16, 2005

<u>VIA FACSIMILE (504) 483-0038</u>

Ms. Kathleen C. Cresson
Cresson Law Firm
221 N. Clark Street
New Orleans, Louisiana 70119

    Re:    Your August 7, 2005 Letter to Mr. Bruce Abrams

Dear Ms. Cresson:

Your letter to Mr. Abrams has been forwarded to me for reply. I have asked my clients to begin an immediate review of your client's claims. At this point, due to the many detailed allegations in your letter, I cannot predict when, exactly the review will be completed. Be assured, however, given the seriousness of her allegations, my clients are proceeding as promptly as possible.

Please feel free to call me if you have any questions.

Very truly yours,

Alan J. Guttman

AJG/sm
Enclosures



CRESSON LAW FIRM
221 N. CLARK ST.
NEW ORLEANS, LA 70119

7003 1010 0002 0141 6129

The Variable Annuity Life Insurance Company (VALIC)
2929 Allen Parkway
Houston, Texas 77019
Mr. Bruce Adams, President & CEO
or any employee

CERTIFIED MAIL / RETURN RECEIPT REQUESTED

FROM: USPS
CARR:
TRK#: 70031010000820141 6129
RCVD: 08/29/2005   12:30

TO: ABRAMS BRUCE
PH:
MSC: L14-10
PCS: 1

FLR: ABRAMS BRUCE
MSC: L14-10